IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERNON AESCHLIMAN and LORRAINE AESCHLIMAN,

Plaintiffs,

v.

TOURGEE & ASSOCIATES, INC. d/b/a TAI ENGINEERING and TAI SPECIALTY CONSTRUCTION, INC. and EASTERN INDUSTRIAL SERVICES, INC.,

Defendants.

TOURGEE & ASSOCIATES, INC. d/b/a TAI ENGINEERING and TAI SPECIALTY CONSTRUCTION, INC. and EASTERN INDUSTRIAL SERVICES, INC.,

Plaintiffs,

v.

FUJIFILM IMAGING COLORANTS, INC.,

Third-Party Defendant.

C.A. No. 25-123 (MN)

**MEMORANDUM OPINION**

Marc Sposato, MARKS, O'NEILL, O'BRIEN DOHERTY & KELLY, P.C., Wilmington, DE – Attorneys for Third-Party Defendant FujiFilm Imaging Colorants, Inc.

Kevin J. Connors, MARSHALL DENNEHEY, P.C., Wilmington, DE – Attorneys for Defendants/Third-Party Plaintiffs, Tourgee & Associate, d/b/a TAI Engineering and TAI Specialty Construction, Inc.

Amy M. Taylor, HECKLER & FRABIZZIO, Wilmington, DE – Attorneys for Defendant/Third-Party Plaintiff Eastern Industrial Services, Inc.

September 25, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

This case stems from a workplace accident that injured an employee. In such circumstances, Delaware law generally provides that, regardless of who or what is at fault, the employer must compensate the employee for his injuries and is subsequently relieved from any further liability. This strikes a sensible balance: employees are certain in their exclusive remedy; employers are certain in their exclusive liability. Delaware courts have, however, crafted some narrow exceptions to this exclusivity principle. The third-party plaintiffs would have this Court expand those exceptions. This Court will not do so.

Before this Court are two motions to dismiss from FujiFilm Imaging Colorants, Inc. ("FujiFilm"): (1) its Motion to Dismiss the Third-Party Complaint of Eastern Industrial Services, Inc., ("EISI") (D.I. 23); and (2) its Motion to Dismiss the Third-Party Complaint of Tourgee & Associates, Inc., d/b/a/ TAI Engineering and TAI Specialty Construction, Inc. ("TAI") (D.I. 26) ("Motion Against TAI") (together, "the Motions"). For the following reasons, the Motions will be granted.

## I. BACKGROUND

On January 4, 2023, Plaintiff Vernon Aeschliman ("Aeschliman")[1] fell while walking on scaffolding at a construction site and suffered injury.[2] (D.I. 1, Ex. 1 ¶ 9). At the time of his injury, Aeschliman was on the premises of FujiFilm Imaging Colorants, Inc. ("FujiFilm") and was acting in the course and scope of his employment with FujiFilm. (*Id.* ¶¶ 4, 6). Following his injury,

---

[1] The other plaintiff, Lorraine Aschliman, is Vernon's wife (together, "Plaintiffs").

[2] Because this is a motion to dismiss, facts in the complaint are taken as true.

Aeschliman received worker's compensation benefits from FujiFilm's worker's compensation insurer.[3]

At the time of Aeschliman's injury, FujiFilm had contracted with TAI – the defendant and a third-party plaintiff here. (*Id.* ¶ 7). TAI served as the construction manager for the construction and buildout of an extension to the FujiFilm plant. TAI, in turn, contracted with Eastern Industrial Services, Inc. ("EISI") for the purchase and installation of the scaffolding at issue at the FujiFilm plant. (*Id.* ¶ 8). In short, EISI and TSI installed scaffolding at the FujiFilm plant, and Aeschliman was injured on that scaffolding.

In their complaint, Plaintiffs bring negligence-related claims against TSI and EISI. In separate third-party complaints, TSI and EISI bring claims against FujiFilm based on allegations that FujiFilm removed, altered, or modified safety features in the scaffolding. (D.I. 16 ¶¶ 16-18; D.I. 17 ¶¶ 8). Both third-party complaints contain two counts: one for "Implied Indemnification" and one for "Equitable Indemnification." (D.I. 16 ¶¶ 21, 26; D.I. 17 ¶¶ 27, 33). FujiFilm has moved to dismiss both third-party complaints. For the following reasons, the Court will grant FujiFilm's motions.

## II. <u>LEGAL STANDARD</u>

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022*)*; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Nonetheless, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim

[3] This is asserted in briefing and not disputed in briefing on these Motions. (D.I. 24 at 1; D.I. 26 at 1). All parties appear to be operating under the assumption that Aeschliman has received workers' compensation. This Court will therefore accept this fact as true for purposes of deciding this Motion.

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Lutz*, 49 F.4th at 327. The Court does not accept "bald assertions," "unsupported conclusions and unwarranted inferences." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016) (citation omitted). Nor are allegations "so threadbare or speculative that they fail to cross the line between the conclusory and the factual" enough. *Connelly*, 809 F.3d at 790 (citation omitted). Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

## III. <u>DISCUSSION</u>

The touchstone of this case is Delaware's worker's compensation statute. It provides:

> Except as expressly excluded in this chapter and except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

19 *Del. C.* § 2304. Here, it is relevant that Section 2304 provides that employers must compensate employees for on-the-job injuries "regardless of the question of negligence and ***to the exclusion of all other rights and remedies***." *Id.* (emphasis added). The employer thus has both a statutory obligation and a protection. The employer must compensate the injured employee regardless of fault, but in exchange is relieved from other potential liabilities.

By its terms, this statute is not limited to causes of action brought by an employee. Rather, compensating the employee generally relieves the employer of all related liabilities – including

claims brought by subcontractors or suppliers against the employer, and vice-versa. *See Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 405-6 (Del. 1995) (applying Section 2304 to a third-party complaint brought by the employer against a subcontractor); *Hindinger v. J&M Temp, LLC*, No. CV N20C-01-272 DJB, 2023 WL 2292489, at *1-3 (Del. Super. Ct. Feb. 28, 2023) (dismissing third-party complaints brought by supplier against employer). That said, Delaware courts have endorsed some exceptions to this rule. The employer may be liable to third parties under certain theories of implied and express contractual indemnification. *Hindinger*, 2023 WL 2292489, at *3-7.

This is where the Third-Party Complaints in this case come into play. Each seeks compensation from the employer, FujiFilm, under the exceptions to Section 2304. For the reasons that follow, neither Third-Party Complaint is authorized by Delaware case law.

### A. Express Contractual Indemnification

The first relevant exception requires certain express provisions to be in a contract. In particular, employers may be liable to a third party despite paying workers' compensation benefits "where a contract between the employer and third party contains provisions requiring the employer to: (i) perform work in a workmanlike manner; **and** (ii) indemnify the third-party-indemnitee for any claims arising from the employer-indemnitor's own negligence." *Precision Air*, 654 A.2d at 407 (emphasis in original).

Third-Party Plaintiffs concede that there was not express indemnification in this case. (D.I. 35 at 6; D.I. 36 at 4). They must therefore rely on implied rights.

### B. Implied Contractual Indemnification

The Third-Party Plaintiffs bring claims for "Implied Indemnification" against FujiFilm for its supposed failure to maintain the scaffolding in reasonably safe condition. (D.I. 16 ¶ 27; D.I. 17 ¶ 21). The Third-Party Complaints each state that FujiFilm, as the "end user" of scaffolding on its

property, had an obligation of "reasonable care" with respect to the scaffolding. (D.I. 16 ¶ 23; D.I. 17 ¶ 17). The Third-Party Complaints further allege that FujiFilm made or allowed the removal or alteration of safety features on the scaffolding. (D.I. 16 ¶ 25; D.I. 17 ¶ 19). EISI's Complaint claims that "[u]nder Delaware law, FujiFilm as the user/employer and EISI as the manufacturer have entered into a special relationship, which gives rise to an implied obligation" of indemnification in this circumstance. (D.I. 16 ¶ 26).

The Delaware Supreme Court has endorsed two types of implied contractual indemnification claims as exceptions to the exclusivity principle of Delaware's worker's compensation law. Neither is viable here.

**1. *Diamond State***

In *Diamond State Telephone v. University of Delaware*, an employee of Diamond State Telephone was electrocuted and killed while installing cable on the University of Delaware campus. 269 A.2d 52, 54-55 (Del. 1970). Facing a lawsuit from the employee's widow, the University brought a third-party complaint against Diamond State Telephone for indemnification. *Id.* Diamond had been compensated pursuant to Delaware's workers' compensation law. *Id.* at 55-56. The Court nonetheless held that the University could maintain its action because "a possible liability in indemnification may come into existence if there is a contract between the third-party defendant and the third-party plaintiff for the ***performance of services by the third-party defendant on the premises of the third-party plaintiff***." *Id.* at 58 (emphasis added).

That is not the case here. FujiFilm, the third-party defendant, was under no contractual obligation to perform services on the premises of the Third-Party Plaintiffs. No events relevant to this case took place on the premises of the Third-Party Plaintiffs. Instead, the locus of the events leading to this case is FujiFilm's plant – where the scaffolding was erected and Aeschliman suffered his injury. The Third-Party Plaintiffs thus cannot take advantage of this exception.

### 2. ***American Consumers***

In *SW (Delaware), Inc. v. American Consumers Industries, Inc.*, an employee was injured by a machine his employer purchased from a manufacturer. 450 A.2d 887, 887-88 (Del. 1982). The employee sued the manufacturer, and the manufacturer then filed a third-party complaint against the employer based on the alleged breach of an implied contract. *Id.* The Delaware Supreme Court affirmed dismissal of the manufacturer's third-party complaint. *Id.* at 890.

In reaching its conclusion, the Court addressed whether the manufacturer and purchaser had a "special relationship" under the rubric adopted by a federal district court in Rhode Island applying Delaware law. *Id.* at 890 (summarizing *Roy v. Star Chopper Co.*, 442 F. Supp. 1010, 1013 (D.R.I. 1977), *aff'd,* 584 F.2d 1124 (1st Cir. 1978)). The Court summarized the evidence establishing a "special relationship" in *Star Chopper* as follows:

> (1) that the purchaser/employer imposed certain design specifications on the manufacturer which required the omission of certain safety devices normally placed on the machine;
> (2) that the purchaser/employer assumed full responsibility for the actual assembly of the unit of which the purchased machine was a part; and
> (3) that the purchaser/employer also assumed responsibility for the addition of any necessary safety devices upon the machine's final assembly at the plant.

*Id.* at 890. The evidence in *Star Chopper* tended to establish a special relationship between manufacturer and purchaser "in the nature of co-manufacturers." *Id.* The Delaware Supreme Court, analyzing the facts before it in *American Consumers*, identified no similar evidence, determined that the relationship between purchaser and manufacturer was typical, and declined to find a special relationship.[4] *Id.*

---

4 Delaware courts have questioned whether this "special relationship" exception is still valid. *See Hindinger v. J&M Temp, LLC*, No. CV N20C-01-272 DJB, 2023 WL 2292489, at *2 (Del. Super. Ct. Feb. 28, 2023). Because neither Third-Party Plaintiff can take advantage of the *American Consumers* exception, this Court need not address that issue.

Here, the Third-Party Plaintiffs have not alleged facts that could establish a special relationship under *American Consumers* and *Star Chopper*. For instance, the Third-Party Plaintiffs do not allege that FujiFilm provided "specifications" for the scaffolding that resulted in it being unsafe. Nor do the Third-Party Plaintiffs allege that FujiFilm assumed "full responsibility for the actual assembly" of the scaffolding. Rather, FujiFilm allegedly removed or modified features of scaffolding constructed by the Third-Party Plaintiffs. (D.I. 16 ¶ 8; D.I. 17 ¶¶ 13-16). Nothing else in the Third-Party Complaints suggests that FujiFilm and either of the Third-Party Plaintiffs are akin to "co-manufacturers."

Although no special relationship has been adequately alleged by either Third-Party Plaintiff, the theory raised by EISI is particularly weak. Unlike TSI, EISI did not even have a contractual relationship with FujiFilm (only a contractual relationship with TSI), so EISI relies on its supposed status as a third-party beneficiary of the agreement between FujiFilm and TSI. No Delaware case law supports a "special relationship" here between a contracting party and a third-party beneficiary.

*Hindinger* is instructive here. There, the Delaware Superior Court rejected implied rights that did not closely resemble *Diamond State* or *American Consumers*. 2023 WL 2292489 at *9. The court explained that no "special relationship" existed under *American Consumers* because the employer did not ask for "design specifications" from the manufacturer that "required the omission of certain safety devices normally placed on the machine." *Hindinger*, 2023 WL 2292489 at *6 (quoting *American Consumers*, 450 A.2d at 890). It was not sufficient to allege "input" on or

"modification" of a component. *Id.* at *7. Here too, there is no allegation that FujiFilm made such design specifications.[5]

*Hindinger*'s strict interpretation of precedent makes sense. The Delaware legislature has been clear that an employer's liability in the case of a workplace accident is generally limited to compensating the employee, to the "exclusion of all other rights and remedies" against the employer. 19 *Del. C.* § 2304. It is not for this Court to forge further exceptions to Delaware's workers' compensation statute. The Third-Party Plaintiffs' implied indemnification claims therefore must fail.

**C. <u>Equitable Indemnification</u>**

The Third-Party Complaints also raise claims for "Equitable Indemnification." To the extent these claims are distinct from the implied contractual indemnification claims, they also fail.

As explained above, the Delaware Supreme Court has held that certain *contractual* claims (express or implied) are exceptions to Section 2304's exclusive remedy provision. But the Delaware Supreme Court has rejected the notion that there is another exception for non-contractual, equitable claims. In *Diamond State*, for instance, the Court held that the "only basis for liability to indemnify" in these circumstances "is the breach of a promise, express or implied." 269 A.2d at 56. The Court also rejected the applicability of "conceptions of tort liability" and any "equitable obligation." *Id.* at 56-57. More recent Delaware cases also have closely tracked *Diamond Head*. *See, e.g., Precision Air*, 564 A.2d at 407 (analyzing only express and implied contractual indemnification theories); *Hindinger*, 2023 WL 2292489 at *3 (same); *Coulter v. Steen*, No. N20C-12-207 SPL, 2025 WL 2505753, at *8 (Del. Super. Ct. Aug. 29, 2025) (finding

5 Rather, FujiFilm is alleged to have modified the scaffolding after it was erected on FujiFilm's property. (D.I. 16 ¶¶ 9-13; D.I. 17 ¶¶ 7-8).

no implied or express contract and therefore dismissing). Accordingly, the Third-Party Plaintiffs' equitable indemnification claims must also fail.

## IV. CONCLUSION

Based on the foregoing, the Court will grant the motions to dismiss. (D.I 23; D.I 26). An appropriate order will follow.